IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| VANN CALDWELL, Individually and as Administrator of the ESTATE OF JANICE MARROW, <br>     Plaintiff, <br><br> v. <br><br> NATIONSTAR MORTGAGE, LLC d/b/a MR. COOPER and PEYTON HOMES, LLC, <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    CASE NO.: _____ <br> )    JURY DEMAND |

## COMPLAINT

1. This action is brought by the Plaintiff, Vann Caldwell, Individually and as the Administrator of the Estate of Janice Marrow (hereinafter "Plaintiff"), against Defendant, Nationstar Loan Servicing, LLC doing business as Mr. Cooper, (hereinafter "Mr. Cooper" or "Defendant") and Peyton Homes, LLC (hereinafter "Peyton Homes" or "Defendant") for the wrongful foreclosure of the Plaintiff's home and for violations of the Real Estate Settlement Procedures Act (hereinafter "RESPA"), 12 U.S.C. § 2601 *et seq*.

2. Nationstar has failed to supply Plaintiffs with appropriate information and/or make appropriate corrections to the mortgage account despite Plaintiff's dispute and complaints about the release of the mortgage, in violation of the mortgage servicer provisions of the RESPA, 12 U.S.C. § 2605.

### JURSIDICTION AND VENUE

3. Federal jurisdiction exists over these matters pursuant to 12 U.S.C. § 2614.

4. Venue lies in this judicial district in that the event which gave rise to this claim occurred here and the property which is the subject of this action is situated within this district.

1

## PARTIES

5. The Estate of Janice Marrow is an estate filed in the Probate Court of Calhoun, Alabama, and bearing the case number 2017-0507. Vann Caldwell is the son of Janice Marrow and the Administrator of the Ms. Marrow's estate and is over the age of nineteen (19) and resides in Talladega County, Alabama.

6. Defendant, Mr. Cooper, is a foreign limited liability company with its principal place of business in Texas. At all times material to this action, Mr. Cooper, regularly transacted business in the State of Alabama.

7. Defendant, Mr. Cooper, is a loan "servicer" of the Plaintiff's "federally related mortgage loan" as those terms are defined in the RESPA, 12 U.S.C. § 2605(i)(2).

8. Defendant, Peyton Homes, is a limited liability company with its registered office located in Calhoun County, Alabama.

## FACTS

9. On or about August 15, 2008, Janice Marrow ("Ms. Marrow") purchased a home located at 143 Rosser St., Eastaboga, Calhoun County, Alabama ("Subject Property").

10. To secure the financing for the purchase, Ms. Marrow executed a note in favor of Homecomings Financial, LLC and a mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as a nominee for Homecomings Financial, LLC. The mortgage was also recorded in Judge of Probate of Calhoun County, Alabama, in Book 4515, Page 121.

11. The mortgage and note were both subsequently assigned.

12. Thereafter, Mr. Cooper became the loan servicer for Ms. Marrow's mortgage.

13. Ms. Marrow resided at the Subject Property until she passed away on or about August 17, 2017.

14. Based upon information and belief, the Ms. Marrow's mortgage became past due in or about February 2018.

15. In or around May 2018, Mr. Cooper began foreclosure proceedings on the Subject Property by publishing a notice of foreclosure sale in *The Anniston Star* newspaper that ran on May 2, 2018, May 9, 2018 and May 16, 2018. *See* Exhibit "A" attached hereto.

16. Another notice that the foreclosure sale was postponed from June 13, 2018 to July 25, 2018 ran in *The Anniston Star* newspaper on June 1, 2018. *See* Exhibit "B" attached hereto.

17. Both the notice of foreclosure sale and the notice of it being postponed state the location of the foreclosure sale as being in the main entrance in the courthouse located in the City of Eastaboga, Calhoun County, Alabama.

18. This is incorrect because there are no courthouses located in Eastaboga, Alabama.

19. Furthermore, the notice violated the Alabama Code § 35-10-13, which requires "[t]he notice of sale must give the time, place and terms of said sale . . . ."

20. The Plaintiff also did not receive a notice of the foreclosure postponement by mail at either the Subject Property address or at Mr. Caldwell's residential address.

21. On or about August 15, 2018, Mr. Caldwell returned to the Subject Property and discovered all of his mother's belongings inside the house were gone, with the exception of a piano, and that other people were inside the house.

22. Mr. Caldwell was told his Mother's house had been purchased at a foreclosure sale and all of her belongings had been thrown away.

23. A foreclosure deed also confirmed Ms. Marrow's home was sold in a foreclosure sale on July 25, 2018 to Peyton Homes. *See* Exhibit "C" attached hereto.

24. The foreclosure deed also stated that the foreclosure sale took place ". . . in front of the Courthouse door in Eastaboga, Calhoun County, Alabama . . . ."

25. On or about October 1, 2018, counsel for the Plaintiff sent a qualified written request and notice of error (hereinafter "QWR") to Mr. Cooper, pursuant to RESPA, 12 U.S.C. § 2605(e)(1)(B) and 12 CFR § 1024.35. *See* Exhibit "D" attached hereto.

26. The October 1, 2018 QWR letter disputed that the Plaintiff had received notice of the foreclosure sale and the improper notice was in breach of the mortgage agreement.

27. In a response dated October 10, 2018, Mr. Cooper denied there were any errors on their part.

28. Counsel for the Plaintiff also mailed a second QWR on or about October 22, 2018 to Mr. Cooper, this QWR was supplemented with another letter mailed to Mr. Cooper on or about October 24, 2018. *See* Exhibits "E" and "F" attached hereto.

29. The October 22, 2018 QWR and the October 24, 2018 supplement again disputed that the Plaintiff was provided adequate notice of the foreclosure sale and that the July 25, 2018 foreclosure sale was conducted in violation of Alabama state laws.

30. In addition, the October 24, 2018 supplement specifically requested the address to the courthouse in the City of Eastaboga, Calhoun County, Alabama.

31. In a response dated November 5, 2018, Mr. Cooper confirmed the address to the courthouse was public information, and that "the sale was completed on July 25, 2018, which took place in front of the main entrance of the Courthouse in the City of Eastaboga, Calhoun County, Alabama." *See* Exhibit "G" attached hereto.

32. As a result of the actions of the Defendants, the Subject Property was not only sold, but the personal belongings of the Plaintiff were also thrown away, including family pictures and other sentimental items that cannot be replace.

33. Furthermore, Mr. Cooper failed to provide accurate information and/or to correct any and all errors after receiving the QWRs and supplemental letter.

34. Therefore, in addition to the Plaintiff's actual damages, the Plaintiff has also incurred attorney fees and costs.

35. Finally, Plaintiff Mr. Caldwell suffered mental anguish, anxiety, distress, depression, grief and/or trauma over the loss of his late mother's home and her personal belongings.

## COUNT I – VIOLATION OF RESPA

36. The allegations of paragraphs 1-35 above are re-alleged and incorporated herein by reference.

37. Mr. Cooper is a servicer of a "federally related mortgage loan" as defined under 12 U.S.C. § 2602(1).

38. The October 1, 2018, October 22, 2018, and October 24, 2018 letters on behalf of Plaintiff to Mr. Cooper were qualified as a written request as that term is defined by RESPA, 12 U.S.C. § 2605(e)(1)(B).

39. Mr. Cooper failed to provide accurate information and/or to correct any and all errors within 30 days pursuant to § 2605(e)(2).

40. Furthermore, the Plaintiff suffered actual damages including but not limited to, loss of Plaintiff's home, loss of Plaintiff's personal belongings, plus attorney fees and expenses.

41. Furthermore, Mr. Cooper has a pattern and practice of not adequately responding to QWRs and not correcting all errors as required under § 2605.

42. Pursuant to 12 U.S.C. § 2605(f), Plaintiff may recover actual damages of $2,000, reasonable attorney's fees, and costs for each failure of Mr. Cooper.

## COUNT II—WRONGFUL FORECLOSURE

43. The allegations of paragraphs 1-35 above are re-alleged and incorporated herein by reference.

44. Mr. Cooper failed to provide adequate notice of the foreclosure sale, pursuant to Alabama Code §§ 35-10-13 and 35-10-8 by stating the location of the foreclosure sale was to take place at the main entrance of the Courthouse in the City of Eastaboga, Calhoun County, Alabama.

45. In addition, Peyton Homes was not a good faith purchaser of the Plaintiff's home because there is no courthouse in Eastaboga, Calhoun County, Alabama.

46. Furthermore, the foreclosure deed recorded at the Probate Office in Calhoun County, Alabama, also states the foreclosure took place in front of the courthouse door in Eastaboga, Calhoun County, Alabama.

47. Pursuant to Ala. Code § 35-10-9, sales contrary to this article are null and void.

48. As a direct and proximate consequence of this violation, the Plaintiff suffered actual damages, including but not limited to, loss of Plaintiff's home and loss of personal property, plus attorney fees and costs.

## COUNT III—BREACH OF CONTRACT/WRONGFUL FORECLOSURE

49. The allegations of paragraphs 1-35 above are re-alleged and incorporated herein by reference.

50. Mr. Cooper breached the mortgage agreement by failing to provide adequate notice of the foreclosure sale and/or the notice of postponed foreclosure sale, in violation of Paragraph 22 and 15 of the Mortgage Agreement.

51. As a direct and proximate consequence of this breach, the Plaintiff suffered actual damages, including but not limited to, loss of Plaintiff's home and loss of personal belongings, plus attorney fees and costs.

52. Pursuant to Alabama law, remedies for breach of contract include recovery of incidental and consequential damages, and all other compensatory damages available, and any appropriate equitable relief, plus interest, costs and attorney fees

## COUNT IV – CONVERSION

53. The allegations of paragraphs 1-35 above are re-alleged and incorporated herein by reference.

54. After the Subject Property was foreclosed on, Defendant Peyton Homes took possession of the Plaintiff's personal and real property.

55. By doing so, Peyton Homes wrongfully held, wrongfully detained, illegally assumed ownership, and/or illegally used or misused Plaintiff's personal property.

56. On or about November 20, 2018, counsel for the Plaintiff provided written notice to Peyton Homes that it was wrongfully in possession of the Plaintiff's property and demanding the personal and real property be returned.

57. Nevertheless, Peyton Homes failed and/or refused to return the Plaintiff's personal property.

58. Based on information and belief, Peyton Homes disposed of the Plaintiff's personal property.

59. As a direct and proximate result of Peyton Homes action, the Plaintiff has suffered actual damages, including but not limited to, loss of the Subject Property and loss of personal property, plus attorney fees and costs.

60. Pursuant to Alabama law, a plaintiff may recover actual damages, incidental and consequential damages, and all other compensatory damages available, and any appropriate equitable relief, plus interest, costs and attorney fees.

### COUNT V – TRESPASS

61. The allegations of paragraphs 1-35 above are re-alleged and incorporated herein by reference.

62. After the subject property was foreclosed on, Defendant Peyton Homes took possession of the Subject Property.

63. By doing so, Peyton Homes wrongfully held title and/or possessed the Subject Property.

64. On or about November 20, 2018, counsel for the Plaintiff provided written notice to Peyton Homes, which stated that it was wrongfully in possession of the Subject Property and demanding the personal and real property be returned.

65. Nevertheless, Peyton Homes failed and/or refused to return the Subject Property.

66. Based on information and belief, Peyton Homes disposed of the Plaintiff's personal belongings.

67. As a direct and proximate result of Peyton Homes action, the Plaintiff has suffered actual damages, including but not limited to, loss of the Subject Property and loss of personal property, plus attorney fees and costs.

68. Pursuant to Alabama law, a plaintiff may recover actual damages, incidental and consequential damages, and all other compensatory damages available, and any appropriate equitable relief, plus interest, costs and attorney fees.

## COUNT VI – EJECTMENT

69. The allegations of paragraphs 1-35 above are re-alleged and incorporated herein by reference.

70. Plaintiff alleges, after an estate was open in Ms. Marrow's name in 2017, it held legal title and/or was entitled to the possession of the Subject Property and maintained possession of the Subject Property.

71. Plaintiff further alleges it continues to hold legal title and/or is entitled to the possession of the subject real property.

72. Plaintiff also alleges, on or about July 25, 2018, Peyton Homes unlawfully entered and detained the Subject Property.

73. Pursuant to Ala. Code § 6-6-280, a plaintiff may commence an action of ejectment against a defendant that unlawfully withholds and detains such lands.

## PRAYER FOR RELIEF

**WHEREFORE,** the premises considered, the Plaintiff, having set forth its claims for relief against the Defendants, respectfully prays of the Court as follows:

74. That the Plaintiff recovers against the Defendants a sum to be determined by the Court in the form of actual damages;

75. That the Plaintiff recovers against the Defendants a sum to be determined by the Court in the form of statutory damages;

76. That the Plaintiff recovers against the Defendants a sum to be determined by the Court in the form of punitive damages;

77. That the Plaintiff recovers against the Defendants all reasonable legal and expenses incurred by their attorney;

78. That this Court order Mr. Cooper to pay to the Plaintiff its attorney's fees and costs and additional statutory damages of $2,000 for each failure to comply with any part of Section 2605 of Title 12 of United States Code pursuant to Section 2535(f) of Title 12 of the United States Code;

79. That the Defendant Peyton Homes be ejected from the Subject Property and it returned to the Plaintiff; and

80. That the Plaintiff may have such further and different relief as this Court deems just and proper.

Respectfully submitted on 24th of July 2019.

/s/ Harvey B.Campbell, Jr.
Harvey B. Campbell, Jr.
Attorney for Plaintiff
buddy@aclg.law

/s/ J. Gabriel Carpenter
Attorney for Plaintiff
gabe@aclg.law

/s/ Mary Ruth C. Smitherman
Mary Ruth C. Smitherman
Attorney for Plaintiff
maryruth@aclg.law

OF COUNSEL:
ALABAMA CONSUMER LAW GROUP, LLC

P.O. Drawer 756
Talladega, AL 35161
(256) 761-1858

## JURY DEMAND

The Plaintiff demands a trial by jury.

*/s/ Harvey B. Campbell, Jr.*
Attorney for Plaintiff
