UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **VANN CALDWELL,** | ] |
| **Plaintiff,** | ] |
| v. | ] CIVIL ACTION NO. |
| | ] 1:19-CV-01182-KOB |
| **NATIONSTAR MORTGAGE, LLC** | ] |
| **d/b/a MR. COOPER, et al.,** | ] |
| **Defendants.** | ] |

## MEMORANDUM OPINION

This dispute over a foreclosure sale comes before the court on Defendant Nationstar Mortgage, LLC's partial motion to dismiss Plaintiff Vann Caldwell's complaint. Mr. Caldwell alleges that Nationstar, the servicer of his mortgage loan, noticed the foreclosure sale of his house to be held at a location that does not exist and did not adequately correct the error when notified. Nationstar asserts that his allegations cannot support a plausible claim for relief under the federal Real Estate Settlement Procedures Act or under a wrongful foreclosure claim under Alabama law. For the following reasons, the court agrees and will grant Nationstar's partial motion to dismiss.

**I.     STANDARD OF REVIEW**

A motion to dismiss challenges the legal sufficiency of a complaint. Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant can move to

1

dismiss a complaint for "failure to state a claim upon which relief can be granted." The complaint will survive the motion to dismiss if it alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). And for a complaint to be "plausible on its face," it must contain enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II. FACTS

For purposes of Nationstar's Rule 12(b)(6) motion to dismiss, the court accepts as true the following facts alleged in Mr. Caldwell's complaint. *See Iqbal*, 556 U.S. at 678.

In February 2018, Mr. Caldwell defaulted on the mortgage recorded against his house in Eastaboga, Alabama. Subsequently, Nationstar foreclosed on the mortgage and published a notice of foreclosure sale in *The Anniston Star* newspaper that identified the location of the sale as "the main entrance in the courthouse located in the City of Eastaboga, Calhoun County, Alabama." (Doc. 1 at ¶ 17). But Mr. Caldwell alleges that no courthouses exist in Eastaboga, Alabama and thus Nationstar failed to provide him proper notice of the foreclosure sale. (*Id.* at ¶ 18).

Nationstar sold the house at a foreclosure sale on July 25, 2018. The

foreclosure deed for the sale states that the foreclosure sale occurred "in front of the Courthouse door in Eastaboga, Calhoun County, Alabama." (Doc. 1 at ¶ 24).

On October 1, 2018, Mr. Caldwell's counsel sent a qualified written request and notice of error to Nationstar pursuant to RESPA. The QWR asserted that Nationstar breached the mortgage agreement by not providing proper notice to Mr. Caldwell of the foreclosure sale. Nationstar denied committing any errors. (Doc. 1 at ¶¶ 25–27).

On October 22, 2018, Mr. Caldwell's counsel sent a second QWR to Nationstar that again asserted that Nationstar did not provide proper notice of the foreclosure sale to Mr. Caldwell and also asserted that the foreclosure violated Alabama state laws. Mr. Caldwell's counsel supplemented the QWR two days later to specifically request the address of the courthouse in Eastaboga at which the foreclosure sale purportedly took place. Nationstar responded that "the address to the courthouse was public information" and that "the sale was completed on July 25, 2018 . . . in front of the main entrance of the Courthouse in the City of Eastaboga, Calhoun County, Alabama." (Doc. 1 at ¶ 31).

From these factual allegations, Mr. Caldwell brings three claims against Nationstar: (1) violation of RESPA by not adequately responding to his QWRs; (2) wrongful foreclosure under Alabama law by failing to provide adequate notice of the foreclosure sale; and (3) breach of contract by failing to provide adequate

notice of the foreclosure sale. (Doc. 1 at 5–7). Nationstar has moved to dismiss only the RESPA claim and the wrongful foreclosure claim.

Nationstar contends that Mr. Caldwell has failed to state a plausible claim for relief under RESPA because he has not alleged that Nationstar's allegedly inadequate responses to his QWRs caused him any damage. Nationstar also contends that Mr. Caldwell has failed to state a plausible wrongful foreclosure claim because he has not alleged that Nationstar foreclosed on the mortgage for any purpose other than to secure a debt, which, according to Nationstar, Alabama law requires him to do to state a wrongful foreclosure claim. The court addresses each argument in turn.

## III. ANALYSIS

### A. <u>Violation of RESPA</u>

RESPA establishes rules for mortgage loan servicers. Among other duties, RESPA requires a mortgage loan servicer to reasonably respond to a qualified written request from a borrower in which the borrower asserts an error in the servicing of the mortgage. 12 U.S.C. § 2605(e). If the servicer receives a QWR, then, within 30 days of receipt, it must respond to the borrower in one of three ways: "[b]asically, a servicer must respond by fixing the error, crediting the borrower's account, and notifying the borrower; or by concluding that there is no error based on an investigation and then explaining that conclusion in writing to

the borrower." *Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241, 1244 (11th Cir. 2016) (citing 12 U.S.C. § 2605(e)(2) and 12 C.F.R. § 1024.35(e)(1)(i)). If the servicer fails to adequately respond to a borrower's QWR in violation of RESPA, then the borrower may bring a cause of action against the servicer for "any actual damages to the borrower *as a result of the failure*." 12 U.S.C. § 2605(f)(1)(A) (emphasis added). And the Eleventh Circuit has held that "damages are an essential element in pleading a RESPA claim" and a "causal link" must exist "between the alleged violation and the damages." *Renfroe*, 822 F.3d at 1246.

Here, Mr. Caldwell alleges that Nationstar violated RESPA because Nationstar "failed to provide accurate information and/or to correct any and all errors" in response to the QWRs. (Doc. 1 at ¶ 39). As damages, Mr. Caldwell asserts that he suffered loss of his home, loss of his personal belongings, and mental anguish. (*Id.* at ¶¶ 35, 40).

But none of Mr. Caldwell's asserted damages occurred "as a result of" Nationstar's alleged failure to adequately respond to Mr. Caldwell's QWRs. Instead, all of Mr. Caldwell's damages occurred as a result of the foreclosure. After Nationstar completed the foreclosure sale, Mr. Caldwell no longer owned his home or, allegedly, his personal belongings within it. So the foreclosure, *not* the QWR responses, caused his damages. Nationstar's responses to Mr. Caldwell's QWRs sent approximately three months after Mr. Caldwell lost his house could not

5

possibly have caused Mr. Caldwell to lose his house.  In other words, Mr. Caldwell has alleged a plausible causal link between his damages and an allegedly invalid foreclosure sale, but not between his damages and an alleged RESPA violation.

Because Mr. Caldwell has not asserted that an alleged RESPA violation caused him damages, an "essential element in pleading a RESPA claim," the court will grant Nationstar's motion to dismiss his RESPA claim.  *See Renfroe*, 822 F.3d at 1246.

B. **Wrongful Foreclosure**

Alabama law narrowly defines the "wrongful foreclosure" cause of action. A wrongful foreclosure claim exists only when "'a mortgagee uses the power of sale given under a mortgage *for a purpose other than to secure the debt owed by the mortgagor*.'"  *Harris v. Deutsche Bank Nat. Tr. Co.*, 141 So. 3d 482, 491 (Ala. 2013) (emphasis in original) (quoting *Jackson v. Wells Fargo Bank, N.A.*, 90 So. 3d 168, 171 (Ala. 2012)) (quoting in turn *Reeves Cedarhurst Dev. Corp. v. First American Fed. Sav. & Loan Ass'n*, 607 So. 2d 180, 182 (Ala. 1992)).  This improper exercise of the power of sale provides the only basis for a wrongful foreclosure claim under Alabama law; a plaintiff cannot state a wrongful foreclosure claim based only on allegations that a mortgagee did not comply with contractual or statutory requirements during the foreclosure process.  *Harris*, 141 So. 3d at 491.

Here, Mr. Caldwell has not alleged that Nationstar executed its power to foreclose on the mortgage and conduct a foreclosure sale for any purpose other than to secure the debt that he owed. Instead, he asserts that Nationstar violated several Alabama statutes and breached the mortgage agreement's notice requirements by stating that the foreclosure sale would occur at the allegedly nonexistent courthouse in Eastaboga, Alabama. (Doc. 1 at 6; Doc. 14 at 8). But, as stated above, these allegations do not fit the narrow definition of the wrongful foreclosure cause of action under Alabama law. Instead, these allegations fall under his breach of contract claim that Nationstar has not moved to dismiss. *See Adams v. Bank of Am., N.A.*, 237 F. Supp. 3d 1189, 1198 (N.D. Ala. 2017) (listing "when the foreclosing entity failed to give notice of the time and place of the foreclosure sale" as a basis under Alabama law to render a foreclosure sale void in a breach of contract action).

Mr. Caldwell has not alleged that Nationstar foreclosed on the mortgage for any wrongful purpose, so the court will grant Nationstar's motion to dismiss the wrongful foreclosure claim.

## IV. CONCLUSION

For the reasons stated above, by separate order, the court will **GRANT** Nationstar's partial motion to dismiss and will **DISMISS WITHOUT PREJUDICE** Count One and Count Two in Mr. Caldwell's complaint.

**DONE** and **ORDERED** this 25th day of November, 2019.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE